**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>RICHARD DESCISCIO,<br><br>*Defendant*. | Crim. Action No.: 88-cr-00239-2<br><br>**MEMORANDUM**<br>**AND ORDER** |

This matter comes before the Court on Defendant Richard DeSciscio's memorandum in support of a writ of habeas corpus for multiple constitutional violations (28 U.S.C. § 2241) and second request for relief under the First Step Act (18 U.S.C. § 3582(c)(1)(A)(i)). (Moving Br., ECF No. 25). The Court administratively terminated the habeas portion of DeSciscio's motion and ordered him to file a separate civil action for relief under 28 U.S.C. § 2241. (ECF No. 28). This memorandum and order pertain to the remaining request for a sentence reduction and/or compassionate release.

The Hon. Maryanne Trump Barry sentenced DeSciscio to 75 years of imprisonment in 1989 after a jury found him guilty of numerous crimes, including racketeering, conspiracy to commit murder, and illegal gambling.

In May 2020, DeSciscio submitted his first motion for compassionate release, which largely focused on his vulnerability to COVID-19 due to his age and various health problems. (ECF No. 5). After full briefing, oral argument, and a lengthy review of DeSciscio's medical records, the Court denied the motion in July 2020. (Mem. & Order, ECF No. 14).

In the present motion, DeSciscio argues that if the Court accepts his contention that the "government mislead the Court and concealed evidence of Manna's innocence," in addition to

1

the facts in his prior motion, then a modification of his sentence is warranted. DeSciscio describes this application as one that "incorporates herein by reference and renews the prior requests made in" his prior compassionate release motion. (Moving Br. at 27). He asks the Court to "fashion a new sentence" or modify his sentence under 18 U.S.C. § 3582(c) – apparently as an alternative form of relief if his habeas petition is not successful. (*Id.* at 27-28).

To the Court, it appears that DeSciscio's use of the phrase "incorporates herein by reference and renews the prior request" is tantamount to requesting reconsideration. DeSciscio has not demonstrated any grounds for reconsideration. In a motion for reconsideration, "[t]he movant has the burden of demonstrating either: '(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [issued its order]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice.'" *Andreyko v. Sunrise Sr. Living, Inc.*, 993 F. Supp. 2d 475, 477-78 (D.N.J. 2014) (alteration in original) (quoting *Max's Seafood Cafe v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)). The facts and arguments presented in DeSciscio's memorandum are not newly discovered; in fact, they relate back to the trial – thirty years ago. As such, he does not meet the standard for reconsideration.

On the other hand, if DeSciscio contends that he is filing a new motion under 18 U.S.C. § 3582(c)(1)(A), his application fails because he has failed to comply with the statutory requirements, including exhaustion of administrative remedies. That is, he may only move the Court after he has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the [his] behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (codified at 18 U.S.C. § 3582(c)(1)(A)). DeSciscio has

neither argued nor attached evidence that he exhausted his administrative remedies before bringing the present motion.  As such, the Court does not have jurisdiction to adjudicate this motion until the exhaustion requirement is met.

In conclusion, the Court will deny DeSciscio's second motion for a sentence reduction and/or compassionate release without prejudice so that he may resubmit it after exhausting his administrative remedies if he wishes to do so.

## **ORDER**

This matter is before this Court on Defendant Richard DeSciscio's second motion for compassionate release (ECF No. 25); and the Court having carefully reviewed and taken into consideration the submissions of the parties, as well as the arguments and exhibits therein presented, and for good cause shown, and for all of the foregoing reasons,

IT IS on this 9th day of June 2021,

ORDERED that Defendant's motion for compassionate release (ECF No. 25) is denied without prejudice.

                                                s/*Peter G. Sheridan*  
                                                PETER G. SHERIDAN, U.S.D.J.