UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Crim. No. 88-cr-239-2 (PGS) |
| | : | |
| Plaintiff, | : | MEMORANDUM & ORDER DENYING DEFENDANT'S |
| v. | : | SECOND PETITION FOR HABEAS CORPUS AND THIRD MOTION FOR |
| RICHARD DESCISCIO, | : | A REDUCTION IN SENTENCE |
| | : | (ECF 31) |
| Defendant. | : | |

Defendant Richard DeSciscio is a federal prisoner serving a 75-year term of imprisonment. He has filed a Second Petition for Writ of Habeas Corpus (28 U.S.C. § 241) and Third Motion for Compassionate Release (sentence modification) (18 U.S.C. § 3582(c)(1)(A)(i)). (ECF No. 31). The United States opposes the motions. (ECF No. 43). This Court heard oral argument on December 9, 2021.

For the reasons stated herein, the habeas petition is dismissed and the motion for a sentence reduction is denied. Additionally, DeSciscio moved to be released on bail while his habeas petition is pending (ECF No. 40) – that motion is also denied as moot.

A. Background

The extensive factual background and procedural history of this defendant are summarized in the July 10, 2020, order denying DeSciscio's First Motion for Compassionate Release. (ECF No. 14).

In June 1989, a jury convicted DeSciscio an all counts of a twenty-six-count indictment, including: violations of 18 U.S.C. § 1952 (Racketeer Influenced and Corrupt Organizations Act ("RICO") conspiracy to murder John Gotti, Gene Gotti, and Irwin Schiff and participation in the murder of Irwin Schiff); 18 U.S.C. § 1955 (conducting an illegal gambling business); 18 U.S.C.

§ 1962 (racketeering); and 18 U.S.C. §§ 891 and 892 (loansharking). (*Id.* at 1). In September 1989, DeSciscio was sentenced to a 75 year term of imprisonment for his numerous crimes. (*Id.*). He is now 79-years-old and has been incarcerated for 33 years. (Second Habeas Petition and Third Motion for Compassionate Release 29-30, ECF No. 31-1).

Prior to this motion, DeSciscio's previous motions for compassionate release and habeas relief were denied (ECF Nos. 14, 28, 30).

I.

Once again, DeSciscio brings an improper petition for habeas relief. As noted in this Court's prior decision (ECF No. 28), DeSciscio must file a *new, individual, separate civil action* and pay the appropriate fee in order to file a habeas corpus petition. Since he has not done so, DeSciscio's application for habeas relief is denied.

II.

This is DeSciscio's third motion for compassionate release. In May 2020, DeSciscio submitted his first motion for compassionate release, which argued DeSciscio was entitled to release: (1) as an elderly inmate who has served over 30 years in prison and, (2) on the grounds of extraordinary circumstances (age and various health problems) leave him vulnerable to COVID-19. His motion was denied in July 2020. (ECF 14). DeSciscio's second motion was denied without prejudice in June 2021, because DeSciscio failed to submit proof that he had exhausted his administrative remedies. 18 U.S.C. § 3582(c)(1)(A). (Order of June 10, 2021).

This time, DeSciscio has submitted proof that he has exhausted his administrative remedies. (ECF No. 31-3). DeSciscio's Third Motion for Compassionate Release once again "incorporates . . . by reference the facts and legal arguments" set forth in his first and second petitions for a sentence reduction. (ECF No. 31-1 at 27-34). It sets forth the same arguments

concerning DeSciscio's health and the ongoing COVID-19 pandemic that DeSciscio brought in his first petition. (ECF No. 6). The prior decisions discuss those arguments.

It appears that DeSciscio's use of the phrase "incorporates herein by reference and renews the prior request" is tantamount to requesting reconsideration. In a motion for reconsideration, "[t]he movant has the burden of demonstrating either: '(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [issued its order]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice.'" *Andreyko v. Sunrise Sr. Living, Inc.*, 993 F. Supp. 2d 475, 477-78 (D.N.J. 2014) (alteration in original) (quoting *Max's Seafood Cafe v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)). The facts and arguments presented in DeSciscio's memorandum do not meet the criteria because much of DeSciscio's Third Motion for Compassionate Release restates verbatim arguments made in his first motion. As such, there is nothing new to reconsider.

On the other hand, if DeSciscio contends that he is filing a new motion under 18 U.S.C. § 3582(c)(1)(A), his application fails because section 404(c) of the First Step Act prohibits this Court from entertaining any motion to reduce a sentence if a previous motion to reduce a sentence was "denied after a complete review of the motion on the merits." *United States v. Moore*, 975 F.3d 84, 91 (2d Cir. 2020); *United States v. Denson*, 963 F.3d 1080, 1087 (11th Cir. 2020); *United States v. Jackson*, 945 F.3d 315, 321 (5th Cir. 2019). DeSciscio's first petition was denied following a complete review on the merits. (ECF 14).

Under the circumstances, DeSciscio's motion fails on the merits. Most notably, the sentencing factors under 18 U.S.C.§ 3553(a) still weigh against modifying DeSciscio's sentence, specifically the need for DeSciscio's sentence to "protect the public from further crimes" as well as the nature and characteristics of the defendant. Here, Mr. DeSciscio carried on a career of

crime on everyday basis -- including conspiracies to commit murder. He lived and thrived on crime. As such, his criminal activity show his evil and heinous nature and disregard for law and safety. As such, the nature of the crime and the individual weighs against his release.

Finally, DeSciscio argues in his reply brief that other criminals who have similar records and are career offenders have been granted compassionate release. This, DeSciscio argues, constitutes a disparate sentence for defendants who have been convicted of similar crimes (Reply Brief 6-7, ECF No. 44). DeSciscio compares his case to those of William Underwood, the ex-leader of a violent New York City heroin distribution ring who was granted a sentence reduction in January 2021, and Eddie Cox, the leader of a violent Kansas City gang. *United States v. Underwood*, No. 88-cr-0822, 2021 WL 3204834 (S.D.N.Y. Jan. 15, 2021). DeSciscio also contends that to deny him compassionate release would violate his right to equal protection because Underwood and Cox are Black and DeSciscio is Italian and Caucasian. In other words, it is reverse discrimination and discrimination on the basis of ethnicity which creates a sentencing disparity between individuals with similar records.

To the contrary, in that "compassionate release is a purely discretionary decision," *United States v. Andrews*, 12 F.4th 255, 259 (3d Cir. 2021), and a district court does not violate a prisoner's right to equal protection in denying him compassionate release based on the "particular circumstances" of his case. *United States v. Groover*, 844 Fed. Appx. 185, 188 (11th Cir. 2021). DeSciscio's lifelong career in crime leads me to a different, but just, conclusion[1].

---

[1] DeSciscio's ethnicity does not factor into this Court's decision.

## ORDER

Accordingly, **IT IS** on this 4th day of January, 2022,

**ORDERED** Defendant's Second Petition for Habeas Corpus (ECF No. 31) is **DISMISSED.**

**ORDERED** that Defendant's Third Motion for Compassionate Release (ECF No. 31) is **DENIED.**

**IT IS FURTHER ORDERED** that Defendant's Motion for Bail Pending Disposition of Habeas (ECF No. 40) is **DENIED AS MOOT.**

s/*Peter G. Sheridan*
PETER G. SHERIDAN, U.S.D.J.
