UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff* v. RICHARD DESCISCIO *Defendant*. | Crim. Action No.: 3:88-cr-00239-2 **MEMORANDUM AND ORDER DENYING COMPASSIONATE RELEASE** |

This case is before the Court on Defendant Richard DeSciscio's pro se Fourth Motion for Compassionate Release. (ECF No. 47).[1] The motion is denied.

For the most part, this motion reasserts or refashions arguments DeSciscio has raised in prior motions for compassionate release. For one, the Court has repeatedly weighed DeSciscio's advanced age and poor health against his life of violent crime; each time, the Court has concluded that DeSciscio does not merit compassionate release because he has not demonstrated extraordinary and compelling circumstances nor that the sentencing factors weigh in favor of release.[2] *See* (ECF Nos. 14, 46). Notably, this motion does not raise any new

---

[1] DeSciscio filed three prior motions. (ECF Nos. 6, 25, 31).

For reasons that are unclear, there is a filing identical to ECF No. 47 on the docket. (ECF No. 48). The Court is considering these filings together.

[2] DeSciscio faults the Court for not acknowledging his health problems or his incarceration for over three decades, (ECF No. 47 at 1-2), but the Court acknowledged the same in its prior

medical condition for the Court to consider in evaluating whether DeSciscio has demonstrated extraordinary and compelling reasons justifying compassionate release.  Likewise, the Court does not consider recent cases of COVID-19 at DeSciscio's correctional facility, (ECF No.47 at 4-5), to be "new evidence," because the Court has repeatedly considered DeSciscio's risk of contracting COVID-19 while incarcerated.³  (ECF Nos. 14 at 13, 46 at 2-3).  The Court has also previously rejected DeSciscio's arguments that he did not commit a crime of violence and that the severity of his crimes should be mitigated by the fact that he was not the "main perpetrator."  *See* (ECF Nos. 31-1 at 33, 46 at 3-4).  Finally, the Court has previously rejected the notion that it is bound by other cases where other defendants were granted compassionate release.  (ECF No. 46 at 4).  The Court relies on its prior rationale in rejecting DeSciscio's reasserted and refashioned arguments.  *See* (ECF Nos. 14, 46).

At oral argument, DeSciscio insisted he had never been violent, that he had never participated in organized crime, and that his only conviction was for a crime related to possessing stolen property over sixty years ago.  These assertions are all contradicted by DeSciscio's Presentence Report, which details his long, violent

---

decisions denying compassionate release, (ECF Nos. 14, 46).  Moreover, the Court has found that DeSciscio's medical conditions and risk of exposure to COVID-19 do not constitute extraordinary and compelling circumstances.  (ECF No. 14 at 7-13).

³ At oral argument, DeSciscio claimed he had contracted COVID-19 while incarcerated, but he did not claim to suffer any lasting complications from COVID-19.

criminal history as an enforcer for the mafia. (PSR ¶¶1-2, 4-6, 26, 28-34, 55, 61, 112).

The Court is also in receipt of a letter from DeSciscio's former neighbor, Millie Burch, who testified at DeSciscio's trial. Burch claims DeSciscio was at a church carnival on the night of one of the crimes of which he was convicted. The Court is unconvinced to set aside DeSciscio's convictions based upon a short, sworn statement; his guilt has been considered by the various courts which have considered his appeals and his petitioners for various forms of post-conviction relief. *See generally DeSciscio v. United States*, No. 08-229, 2009 WL 2923084 (D.N.J. Sept. 8, 2009).

The new issues presented by DeSciscio's pending motion are raised in a letter from DeSciscio's daughter, Renee DeSciscio, who writes of the hardship that DeSciscio's incarceration has had on their family. Specifically, DeSciscio's wife is unwell, suffering from dementia, and no longer able to visit him; DeSciscio's siblings are in poor health; and DeSciscio's granddaughter, who suffers from some behavioral issues, has not seen him in several years. DeSciscio also raised these issues at oral argument. Despite same, his term of incarceration has been very long because of his participation in organized crime, including participating in three murder conspiracies.

Finally, even if the Court found DeSciscio's motion meritorious, the Court would be statutorily barred from granting compassionate release because section 404(c) of the First Step Act prohibits the Court from entertaining any motion to reduce a sentence if a previous motion to reduce a sentence was "denied after a complete review of the motion on the merits."  *United States v. Moore*, 975 F.3d 84, 91 (2d Cir. 2020); *United States v. Denson*, 963 F.3d 1080, 1087 (11th Cir. 2020); *United States v. Jackson*, 945 F.3d 315, 321 (5th Cir. 2019).  DeSciscio's first petition was denied following a complete review on the merits.  (ECF 14).  Therefore, he cannot be granted compassionate release.

## ORDER

Accordingly, **IT IS** on this 6th day of July, 2022,

**ORDERED** that Defendant's Fourth Motion for Compassionate Release (ECF Nos. 47, 48) is **DENIED.**

s/*Peter G. Sheridan*
PETER G. SHERIDAN, U.S.D.J.