

**U.S. Department of Justice**
*United States Attorney*
*District of New Jersey*

---

*Alexander E. Ramey*                                    *402 East State Street, Suite 402*        *(609) 989-2190*
*Assistant United States Attorney*                      *Trenton, New Jersey 08608*

October 6, 2023

<u>Via ECF</u>

Honorable Peter G. Sheridan
United States District Judge
United States District Court for the District of New Jersey
Clarkson S. Fisher, Jr. Building & U.S. Courthouse
402 East State Street, Room 2020
Trenton, New Jersey 08608

   Re: United States v. Richard DeSciscio,
     <u>Crim. No. 88-239 (PGS)</u>

Dear Judge Sheridan:

   The United States respectfully submits this letter brief in opposition to defendant Richard DeSciscio's fourth, successive motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A). The Court should deny DeSciscio's motion because he has not demonstrated that extraordinary and compelling reasons warrant such a reduction, and such a reduction would not be consistent with the pertinent § 3553(a) sentencing factors.

**I. Factual Background and Procedural History**

   The facts of this matter are set forth at length in the Court's decisions denying the defendant's prior motions. *See* ECF Nos. 14, 46, 50. As relevant to the defendant's current motion, on August 25, 1988, DeSciscio was charged in 6 counts of a 26-count Indictment in the matter of *United States v. Louis Anthony Manna, et al.*, No. 88-cr-239, with participation in a conspiracy under

the Racketeer Influenced and Corrupt Organizations Act ("RICO"). DeSciscio

proceeded to trial, and, on June 26, 1989, was convicted on all counts in which

he was charged, including the following:

- <u>Count One</u> – Conspiracy to engage in a pattern of racketeering activity under RICO, in violation of Title 18, United States Code, Section 1962(d).

- <u>Count Two</u> – RICO racketeering in violation of Title 18, United States Code, Section 1962.

- <u>Count Three</u> – Conspiring to commit a violent crime in aid of racketeering activity ("VICAR"), namely conspiring to murder John Gotti, in violation of Title 18, United States Code, Section 1959(a)(5);

- <u>Count Four</u> – Conspiring to commit a violent crime in aid of racketeering activity ("VICAR"), namely conspiring to murder Gene Gotti, in violation of Title 18, United States Code, Section 1959(a)(5);

- <u>Count Five</u> – Conspiring to commit a violent crime in aid of racketeering activity ("VICAR"), namely conspiring to murder and murdering Irwin Schiff, in violation of Title 18, United States Code, Section 1959(a)(5);

- <u>Count Twenty-Six</u> – Conducting an illegal gambling business, in violation of Title 18, United States Code, Section 1955.

On September 26, 1989, Hon. Marianne Trump Barry, U.S.D.J., sitting

in this District, sentenced DeSciscio to a term of 75 years of imprisonment for

his crimes. DeSciscio was sentenced to 20 years on Count One, 20 years on

Count Two, 10 years on Count Three, 10 years on Count Four, 10 years on

Count Five, and 5 years on Count Twenty-Six, all to run consecutively.

Importantly for the present motion, during the commission,

investigation, and prosecution of DeSciscio's crimes, Congress had amended

federal law to abolish parole. Specifically, the Sentencing Reform Act of 1984

abolished federal parole and created the United States Sentencing Commission,

which promulgated the original United States Sentencing Guidelines. The

Reform Act went into effect for the sentencing of all crimes committed after November 1, 1987. As applied to DeSciscio's case, Counts One, Two, Three, Four, and Twenty-Six were sentenced under the so-called "new law" of the Reform Act. Counts One and Two charged conduct from 1977 to the filing of the indictment (August 25, 1988). Counts Three and Four charged conduct from September 1987 to the filing of the indictment. Those Counts, relating to the conspiracy to murder John and Gene Gotti, included conduct as late as January 1988, when DeSciscio's superior in the Genovese crime family, Louis Manna, made the final selection of those who would participate in the "big hit" on "John Gotti." PSR, ¶ 31. Finally, Count Twenty-Six charged conduct from June 1987 to the filing of the indictment. Because these offenses weren't completed until after November 1, 1987, they were sentenced under the new law. By contrast, Count Five, the conspiracy to murder Irwin Schiff, culminated with the murder of Schiff on August 8, 1987. Accordingly, the sentencing court imposed the 10-year sentence on DeSciscio on Count Five under the so-called "old law" from prior to the Reform Act. *See* Judgement of Conviction, *United States v. Richard DeSciscio*, 88-cr-239.

DeSciscio appealed his conviction after trial, and the Third Circuit affirmed on all counts on November 21, 1990. DeSciscio collaterally attacked his conviction by filing petitions under 28 U.S.C. §§ 2244 and 2255, which were denied. Following the passage of the First Step Act, DeSciscio filed a series of meritless motions for reduction in sentence under Title 18, United States Code, Section 3582(c)(1)(A), which this Court denied.

Now before the Court is DeSciscio's August 1, 2023 fourth, successive motion for reduction in sentence, which DeSciscio submitted *pro se*. Construing the motion as generously as possible to the *pro se* movant, DeSciscio attempts to raise three grounds for relief:

First, DeSciscio argues that his "case should have been sentenced under the old law which allowed defendants to go to the Parole Board," and his being erroneously sentenced under the new law without the possibility of parole constitutes an extraordinary and compelling reason for a reduction in his sentence.

Second, DeSciscio discusses the Third Circuit's decision in *United States v. Harris*, 68 F.4th 140 (3d Cir. 2023). DeSciscio does not make any arguments or explain how *Harris* is relevant to his case, but appears to believe *Harris* has some relevance to his RICO convictions.

Third, DeSciscio argues that, following the Third Circuit's decision in *United States v. Nasir*, 17 F.4th 459 (3d Cir. 2021), either he would not have been able to be convicted and sentenced of RICO conspiracy charges, because inchoate offenses cannot serve as RICO predicates, or that his guidelines range would have been lower. DeSciscio argues that the alleged, non-retroactive change in law in *Nasir* provides an extraordinary and compelling reason for a reduction in his sentence.

As set forth below, DeSciscio's claims are legally and factually meritless and the Court should summarily deny his successive motion without a hearing.

## II.      Legal Standard

"A district court may reduce a defendant's term of imprisonment 'after considering the factors set forth in § 3553(a) ... if it finds that ... extraordinary and compelling reasons warrant such a reduction ... and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.'" *United States v. Spriggs*, 2023 WL 1813498, at *2 (3d Cir. Feb. 8, 2023) quoting 18 U.S.C. § 3582(c)(1)(A)). "A term of imprisonment may be modified for 'extraordinary and compelling reasons,' but only 'after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility.'" *United States v. Johnson*, 2022 WL 1402048, at *1 (3d Cir. May 4, 2022) quoting 18 U.S.C. § 3582(c)(1)(A)).

## III.     DeSciscio's Fourth Motion for a Sentence Reduction Should Be Denied.

### A.      DeSciscio Has Not Exhausted His Administrative Remedies

DeSciscio has not submitted any supporting documentation indicating that he raised his three new alleged bases for relief in a request submitted to the Warden of FCI Allenwood. BOP records indicate that DeSciscio's most recent request for reduction in sentence was submitted to the Warden on June 22, 2021. That request did not raise DeSciscio's present grounds for relief and has already been the subject of one of his prior motions. He has therefore failed to exhaust his administrative remedies before filing his motion in the District Court. Because DeSciscio's motion is meritless as a matter of law however, in

the interest of judicial efficiency, the Court may deny the defendant's motion on the merits in the alternative.

### B.   DeSciscio Has Not Demonstrated "Extraordinary and Compelling Reasons" Justifying a Sentence Reduction.

All three of DeSciscio's claimed bases for relief are factually and legally meritless.

First, DeSciscio claims that he was erroneously sentenced under the "new law" when his offenses were "old law" offenses. Specifically he argues that the conspiracy to murder John and Gene Gotti (Counts Three and Four) took place in September 1987 and therefore should have been sentenced under the old law for pre-November 1, 1987 conduct. This is inaccurate. As is clear from the PSR, the indictment alleged a conspiracy to murder the Gottis that continued at least until Manna's final selection of hit men in January 1988, and up to the filing of the indictment in August 1988 (both after the new law went into effect). Conspiracy and RICO offenses are and were continuing offenses, such that no matter when they began, they were subject to the new sentencing law if they continued after November 1, 1987. *United States v. Moscony*, 927 F.2d 742, 754 (3d Cir. 1991) ("Noting that this court had already held that the guidelines are applicable to a conspiracy conviction where a defendant's participation in the conspiracy continues after November 1, 1987, the district court held that RICO is a continuing offense 'directly analogous to the crime of conspiracy,' and that sentencing for [defendant's] RICO conviction should therefore be governed by the guidelines. We agree." (internal citation omitted)). Next DeSciscio argues that the August 8, 1987 murder of Irwin Schiff

6

was erroneously sentenced under the new law. This is simply not the case. As is clear on the face of DeSciscio's judgment of conviction, the Court appropriately separately sentenced that one count (Count Five) under the old law. Because DeSciscio is legally and factually incorrect in his assertions, the Court should deny his first ground for relief as meritless.

Second, DeSciscio, without making any arguments or applying the law to his case, discusses the Third Circuit's decision in *United States v. Harris*, 68 F.4th 140 (3d Cir. 2023). As a threshold matter, although labeled in DeSciscio's motion as a ground for relief, DeSciscio's discussion of *Harris* contains no claim about his case to which the government can respond. The closest the motion comes to applying to DeSciscio's case is asserting that "the Third Circuit concluded that first degree assault under 18 PA Cont. Stat. 2702(a)(1) cannot qualify as a predicate offense for ACCA purposes as well as RICO, RICO conspiracy, VICAR." This is simply inaccurate. In *Harris* the Third Circuit found that Pennsylvania aggravated assault could not be deemed a violent felony predicate under the Armed Career Criminal Act. *Harris* had nothing to do with RICO or VICAR. Nor did any of the other authorities cited in this portion of DeSciscio's motion. There is no basis in *Harris* or any other Third Circuit or Supreme Court precedent to suggest that DeSciscio's RICO conspiracy or VICAR convictions have been invalidated under current law.

Third, DeSciscio claims that the Third Circuit's decision in *Nasir* in some way invalidated his RICO conspiracy convictions or otherwise "ameliorated" the applicable sentencing range. He is wrong under either theory. In *Nasir*, the

7

Third Circuit held "that inchoate crimes are not included in the definition of 'controlled substance offenses' given in section 4B1.2(b) of the sentencing guidelines." *Nasir*, 17 F.4th, 472. This was because the text of Section 4B1.2(b) itself did not explicitly include conspiracy or inchoate offenses, which were only incorporated into the guideline by the commentary. *Nasir* stands for the proposition that more expansive guideline commentary is not entitled to deference where it seeks to expand upon the unambiguous guideline text. *Id.* As a threshold issue then, *Nasir* had nothing to do with invalidating the availability of conspiracy theories of culpability under the RICO statutes. It did not alter the statues under which DeSciscio was convicted or the penalties thereof. Even where DeSciscio correct that *Nasir* had worked some change in statutory law in the RICO context, the Third Circuit has unambiguously held that such changes cannot form the basis of motions for compassionate release.

> The nonretroactive changes to [statutory penalties] also cannot be a basis for compassionate release. . . . That is conventional: '[I]n federal sentencing the ordinary practice is to apply new penalties to defendants not yet sentenced, while withholding that change from defendants already sentenced.' 'What the Supreme Court views as the 'ordinary practice' cannot also be an 'extraordinary and compelling reason' to deviate from that practice.'

*United States v. Andrews*, 12 F.4th 255, 261 (3d Cir. 2021), *cert. denied*, 142 S. Ct. 1446, 212 L. Ed. 2d 541 (2022). *See also*, *United States v. Spriggs*, No. 22-3005, 2023 WL 1813498, at *2 (3d Cir. Feb. 8, 2023) ("our decision in *Nasir* does not provide him with an extraordinary and compelling basis for release. *See United States v. Andrews*, 12 F.4th 255, 260-61 (3d Cir. 2021) (holding that neither the length of a lawfully imposed sentence nor non-retroactive

changes in statutory sentencing law establish extraordinary and compelling circumstances for release).")

Even interpreting DeSciscio's argument as alleging that *Nasir* worked a change in his guidelines rather than statutory exposure, it would still be meritless. The Guidelines Manual applicable to DeSciscio at sentencing went into effect on June 15, 1988. At sentencing, DeSciscio's offense level was 46. That was based on the racketeering guideline of § 2E1.1, which provided then, as it still does today, that the base offense level for racketeering is the higher of (1) "19" and (2) "the offense level applicable to the underlying racketeering activity." The sentencing court therefore applied a base offense level of 43 from § 2A1.1(a), the guideline for first degree murder (for the underlying racketeering activity involving the murder of Irwin Schiff). DeSciscio then received a 3-level enhancement under Chapter 3 as a supervisor of criminal activity. Today, even post-*Nasir*, the Guidelines would yield the same result. § 2E1.1 remains unchanged. If the conspiracies to commit murder were used as the predicate offenses, § 2E1.1 would instruct that § 2A1.5 (the guideline for conspiracy to commit murder) would apply, which, in turn would direct that § 2A1.1 apply because "the offense resulted in the death of a victim." U.S.S.G. § 2A1.5(c)(1). Like § 2E1.1, § 2A1.1 remains unchanged since the time of DeSciscio's sentencing. Today, as then, he would be a base offense level 43 before the application of Chapter 3 enhancements. If the substantive murder of Irwin Schiff were used as the predicate offense, it would yield the same result by directly proceeding from § 2E1.1 to § 2A1.1. There is no issue of the

commentary seeking to modify the text of the Guidelines. The text itself is clear and unambiguous in including conspiracy offenses as well as completed murders. *Nasir* is inapplicable and the defendant's third ground for relief should be rejected as meritless.

### C.   The § 3553(a) Factors Do Not Support a Reduction of DeSciscio's Sentence

In its prior opinions, the Court has already thoroughly considered the balance of relevant § 3553(a) factors and explained why the factors oppose any reduction in DeSciscio's sentence. *See, e.g.*, ECF No. 14, p. 13. Nothing in DeSciscio's legally and factually erroneous fourth motion affects the Court's prior reasoned judgment. The § 3553(a) factors continue to weigh against any reduction in the defendant's sentence, and his motion for reduction in sentence should be denied.

## IV.   Conclusion

Because DeSciscio has failed to establish extraordinary and compelling reasons justifying a reduction in his sentence, and because the § 3553(a) factors weigh against a reduction in sentence, the Court should deny DeSciscio's motion.

Respectfully Submitted,

PHILIP R. SELLINGER
United States Attorney

 *s/ Alexander E. Ramey*

BY:   ALEXANDER E. RAMEY
Assistant United States Attorney

10