## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

UNITED STATES OF AMERICA,

v.

RICHARD DESCISCIO

Crim. Action No.: 3:88-cr-00239-PGS

**MEMORANDUM AND ORDER**

Richard DeSciscio ("Defendant" or "DeSciscio") brings this pro se Motion for a Sentence Reduction under the First Step Act, 18 U.S.C. § 3582(c)(1)(A), submitting that extraordinary and compelling reasons justify a reduction in sentence. (ECF No. 56).  DeSciscio has submitted four previous motions for relief which have all been denied.  (ECF Nos. 14, 28, 30, 50).

The Government opposes the current motion stating both that DeSciscio has not exhausted his administrative remedies and that extraordinary and compelling reasons do not exist in the case before the Court.  (ECF No. 61).  For the reasons stated below, the Court agrees with the Government.  Defendant's motion (ECF No. 56) is **DENIED**.

1

# I.

The extensive factual background and history of Defendant are summarized in the July 10, 2020 Order denying DeSciscio's First Motion for Compassionate Release.  (ECF No. 14).  For sake of clarity, the Court briefly summarizes the procedural history below.

On or about June 26, 1989, Defendant was convicted by jury on all twenty-six counts of the Indictment, including but not limited to: violations of 18 U.S.C. § 1952 (Racketeer Influenced and Corrupt Organizations Act ("RICO") conspiracy to murder John Gotti, Gene Gotti, and Irwin Schiff and participation in the murder of Irwin Schiff); violations of 18 U.S.C. § 1955 (conducting an illegal gambling business); violations of 18 U.S.C. § 1962 (racketeering); and violations of 18 U.S.C. §§ 891 and 892 (loansharking).  (ECF No. 5-1 at 3; ECF No. 9 at 2).  On September 26, 1989, the Hon. Marianne Trump Barry sentenced Defendant to a term of seventy-five year's imprisonment for his crimes.  (*See* Judgment of Conviction at 1 (hereinafter "Judgment")).

On November 21, 1990, the Court of Appeals for the Third Circuit affirmed DeSciscio's conviction.  (*Id.*).  Subsequent motions under 28 U.S.C. § 2244 for leave to file a second or successive § 2255 petition to vacate his sentence were denied.

(*Id*.).   Prior to this motion, DeSciscio's previous motions for compassionate release and habeas relief were denied. (ECF Nos. 14, 28, 30, 50).

## II.

Once a federally imposed sentence commences, a district court has limited authority to modify that sentence. *Dillon v. United States*, 560 U.S. 817, 825 (2010). The First Step Act (18 U.S.C. § 3582(c)(1)(A)) allows a criminal defendant to request a reduction in sentence, also known as "compassionate release," for "extraordinary and compelling reasons" after exhausting administrative remedies. 18 U.S.C. § 3582(c)(1)(A); see *United States v. Alexander*, No. CV 19-32, 2020 WL 2507778, at *5 (D.N.J. May 15, 2020).   Before a defendant can bring a motion for reduced sentence on their own behalf directly with the district court, a defendant "must ask the Bureau of Prisons ('BOP') to do so on their behalf, give BOP thirty days to respond, and exhaust any available administrative appeals."   *United States v. Raia*, 954 F.3d 594, 595 (3d Cir. 2020) (citing § 3582(c)(1)(A)); *United States v. Johnson*, 2022 WL 1402048, at *1 (3d Cir. May 4, 2022) (quoting 18 U.S.C. § 3582(c)(1)(A)).

A defendant seeking a reduction in his sentence under the First Step Act "bears the burden" of proving that he has exhausted administrative remedies before

seeking judicial review. *United States v. Sellers*, No. CR 10-434, 2020 WL 1972862, at *1 (D.N.J. Apr. 24, 2020) (citing 18 U.S.C. § 3582(c)(1)(A)).

After this, and if a motion is timely filed by the defendant, then a court may reduce an inmate's sentence if (1) it finds that there are "extraordinary and compelling reasons" that warrant a reduction; (2) the reduction would be "consistent with applicable policy statements issued by the Sentencing Commission" as well as the Court's independent assessment; and (3) it considers the sentencing factors set forth in § 3553(a), as applicable. *United States v. Brown*, No. 07-19, 2020 WL 2466081, at *2 (D.N.J. May 13, 2020) (citation omitted).

### III.

In the instant motion, Defendant asserts three separate grounds for relief. First, DeSciscio argues that his "case should have been sentenced under the old law which allowed defendants to go to the Parole Board," and his being erroneously sentenced under the new law without the possibility of parole constitutes an extraordinary and compelling reason for a reduction in his sentence. Second, DeSciscio argues that the Third Circuit's decision in *United States v. Harris*, 68 F.4th 140 (3d Cir. 2023) is relevant to his RICO convictions and presents an extraordinary and compelling circumstance. Third, DeSciscio argues that there is an extraordinary and compelling circumstance following a change of law in our Circuit

following the Third Circuit's decision in *United States v. Nasir*, 17 F.4th 459 (3d Cir. 2021).  Specifically, Defendant states that he would not have been convicted and sentenced of RICO conspiracy charges, either because inchoate offenses cannot serve as RICO predicates or because his guidelines range would have been lower.

Because the Defendant has not exhausted his administrative remedies nor has he submitted proof that he has exhausted his administrative remedies before filing the instant motion, his motion is denied.  (*See* ECF Nos. 56 and 57).  For sake of completeness, this Court reviews Defendant's claims for the existence of extraordinary and compelling circumstances to streamline future petitions.

### a.  Administrative Remedies Exhaustion

To the first point, Section 3582(c)(1)(A) provides that only "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility," may a court entertain a motion for compassionate release.  As courts in this District have previously determined, this exhaustion requirement "is strictly applied and is not susceptible to any judicially created exceptions."  Section 3582(c)(1)(A) provides that only "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the

receipt of such a request by the warden of the defendant's facility," may a court entertain a motion for compassionate release. As this Court has previously determined, this exhaustion requirement is strictly applied and is not susceptible to any judicially created exceptions. *United States v. McNair*, 481 F. Supp. 3d 362, 366 (D.N.J. 2020).

Defendant has provided no evidence that he exhausted all his administrative remedies. According to the Government, BOP records show that the most recent request for a reduction in sentence was "submitted to the Warden on June 2021." (ECF No. 61 at 5). That request was the subject of one of Defendant's previous motions and did not raise these grounds for relief. Thus, because Defendant has not exhausted his administrative remedies, Defendant's application must be denied.

## b. Extraordinary or Compelling Circumstances

Notwithstanding the fact that Defendant has not exhausted his administrative remedies, the Court examines Defendant's other arguments to demonstrate why—even if the administrative remedies were exhausted—Defendant would not be entitled to relief.

As previously stated, Defendant raises three principal legal arguments that he argues amount to extraordinary and compelling circumstances meriting his release: (1) his "case should have been sentenced under the old law which allowed

defendants to go to the Parole Board," and his being erroneously sentenced under the new law without the possibility of parole constitutes an extraordinary and compelling reason for a reduction in his sentence; (2) that the Third Circuit's decision in *United States v. Harris*, 68 F.4th 140 (3d Cir. 2023) is relevant to his RICO convictions and presents an extraordinary and compelling circumstance; and (3) that there is an extraordinary and compelling circumstance following a change of law in our Circuit following the Third Circuit's decision in *United States v. Nasir*, 17 F.4th 459 (3d Cir. 2021).  The Court addresses each in turn.

> i.     *Sentencing under the Sentencing Reform Act of 1987*

To Defendant's first argument—that his case should have been prosecuted under the "old" law for Counts Three, Four and Count Five—this argument fails as a matter of law.   During the commission, investigation, and prosecution of DeSciscio's crimes, Congress had amended federal law to abolish parole. Specifically, the Sentencing Reform Act of 1984 (P.L. No. 98-473, 98 Stat. 1987) abolished federal parole and created the United States Sentencing Commission.  The Reform Act went into effect for the sentencing of all crimes committed after November 1, 1987.  As is relevant to this petition, Counts Three and Four were sentenced under the so-called "new law" of the Reform Act.

Looking at Counts Three and Four—conspiracy to murder John and Gene Gotti—Defendant mistakenly argues that these Counts referred only conduct that occurred in September 1987.  (ECF No. 56 at 1).  To the contrary, these Counts charged conduct from September 1987 to the filing of the indictment and related to the conspiracy to murder John and Gene Gotti; this included conduct as late as January 1988—well after November 1, 1987.  (*See* Presentence Report ("PSR") at ¶ 31).  What is more, the Court agrees with the Government; it is well-established that conspiracy and RICO "offenses are and were continuing offenses, such that no matter when they began, they were subject to the new sentencing law if they continued after November 1, 1987." (ECF No. 61 at 6 (citing *United States v. Moscony*, 927 F.2d 742, 754 (3d Cir. 1991))).  As such, sentencing under the "new" law was appropriate.

As to Count Five, the Court also agrees with the Government; Defendant's argument that the Schiff's murder was prosecuted under the "new" law is factually incorrect.  As the Judgment of Conviction clearly states: "Under *prior law*, it is adjudged on Count 5 that defendant is sentenced to ten (10) years to run consecutive to other counts . . . ." (Judgment at 2) (emphasis added).

Accordingly, this argument does not present an extraordinary and compelling circumstance.

ii.    *Legal Effect of* United States v. Harris, *68 F.4th 140 (3d Cir. 2023)*

Next, Defendant argues that the Third Circuit's recent decision in *United States v. Harris* presents an extraordinary and compelling circumstance because *Harris* concluded that first degree assault under Pennsylvania law was incorrectly determined by the District Court to qualify as a predicate offense for the Armed Career Criminal Act.  (ECF No. 56 at 2).  This is not an extraordinary and compelling circumstance meriting relief for two principal reasons.  First, the claims identified in *Harris* are not controlling on the Court; the analysis of first-degree assault in 18 Pa. Stat. Ann. Section 2702(a)(1) is inapplicable to this matter.  Second, the *Harris* court dealt with a felony predicated under the Armed Career Criminal Act—a statute with no bearing on Defendant's conviction.  As such, *Harris* has no bearing on the case before the Court.   *Harris* does not present an extraordinary and compelling circumstance meriting relief.

iii.    *Legal Effect of* United States v. Nasir, *17 F.4th 459 (3d Cir. 2021)*

Finally, Defendant argues that under *Nasir,* he would not have been convicted and sentenced of RICO conspiracy charges because under *Nasir*, inchoate offenses cannot serve as RICO predicates.  In that vein, Defendant argues that *Nasir* would serve to lower his guidelines range.

This argument also fails for several reasons.  As a preliminary matter, the Third Circuit's decision was limited to inchoate offenses with regards to controlled substance offenses.[1]  As such, this decision was restricted to the controlled substance realm.  Even if the *Nasir* decision were not limited to this realm, as the Third Circuit has previously stated, reliance on *Nasir* alone is insufficient to create a basis for compassionate release because non-retroactive changes in the statutory sentencing laws do not establish an extraordinary and compelling circumstance for release.  *See United States v. Spriggs*, No. 22-3005, 2023 WL 1813498, at *2 (3d Cir. Feb. 8, 2023).

### c.  Section § 3553(a) Factors

Given that the Court has not found that Defendant exhausted his administrative remedies and that extraordinary and compelling reasons are not present, the Court declines to review whether the sentencing factors under 18 U.S.C. § 3553(a) weigh against modification.  The Court relies upon its previous decision which speaks on the same.  (ECF No. 14 at 13-14)

---

[1] The Third Circuit specifically stated:

> [W]e conclude that inchoate crimes are not included in the definition of "controlled substance offenses" given in section 4B1.2(b) of the sentencing guidelines. Therefore, sitting en banc, we overrule *Hightower*, and accordingly, will vacate Nasir's sentence and remand for resentencing without his being classified as a career offender.

*United States v. Nasir*, 17 F.4th 459, 472 (3d Cir. 2021).

For the reasons stated above, Defendant's motion is denied.  An appropriate order follows.

## ORDER

**THIS MATTER** having come before the Court on Defendant Richard DeSciscio's motion for a sentence reduction  (ECF No. 56);  and the Court having carefully reviewed  and considered the submissions  of the  parties, as well as the arguments  and exhibits therein presented; for good cause shown; and for all of the foregoing reasons,

**IT IS** on this **22ⁿᵈ** day of **December**, **2023**;

**ORDERED** that Defendant's motion for a sentence reduction, (ECF No. 56), is **DENIED**.

*s/Peter G. Sheridan*
PETER G. SHERIDAN, U.S.D.J.