UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

UNITED STATES,

Plaintiff,

v.

RICHARD DESCISCIO,

Defendant.

Crim. Action No. 88-00239-2 (RK)

**MEMORANDUM OPINION**

**KIRSCH, District Judge**

    **THIS MATTER** comes before the Court upon Defendant Richard DeSciscio's ("Defendant" or "DeSciscio") Motion for Compassionate Release. ("Motion," ECF No. 91.) This is DeSciscio's sixth such motion in as many years.[1] (ECF Nos. 5, 25, 31, 47, 67.) The Government filed a brief in opposition ("Opp.," ECF No. 98), to which DeSciscio replied ("Reply," ECF No. 102). For the reasons set forth below, DeSciscio's Motion is **DENIED.**

---

[1] The Court notes at the outset that the First Step Act does not appear to circumscribe a defendant's serial applications for compassionate release. *See, e.g., United States v. Debaere,* No. 19-9, 2026 WL 185125, at *3 n.4 (W.D. Va. Jan. 23, 2026) ("In the context of compassionate-release motions . . . there is currently no limit on the number of such motions a defendant may file . . . ."); *United States v. Douglas,* No. 11-324, 2024 WL 2513646, at *1 (D. Minn. May 24, 2024) (same); *see also United States v. Sumler,* No. 95-154-2, 2026 WL 265958, at *11 n.9 (D.D.C. Feb. 2, 2026) ("[T]he First Step Act evidences little congressional concern about conserving judicial resources as defendants may file compassionate-release motions with no limitation as to frequency nor a heightened requirement for second or successive motions."). Accordingly, notwithstanding Defendant's serial applications, the Court is compelled, yet again, to address the subject application, which is based largely if not entirely on duplicative arguments propounded repeatedly before.

Because DeSciscio "must articulate either a new basis for relief or changed circumstances since the prior motion," he has not satisfied his burden of establishing entitlement to compassionate release, for the reasons explained below. *United States v. Gomez,* No. 95-750, 2025 WL 2173728, at *2 (E.D.N.Y. July 31, 2025) (cleaned up); *see United States v. Alford,* No. 21-2036, 2021 WL 5859466, at *1 (3d Cir. Nov. 15, 2021) ("Appellant may file a new request for compassionate release if his circumstances change."); *cf. United States v. Alicea,* No. 22-2176, 2023 WL 3947212, at *3 (3d Cir. June 12, 2023) (explaining that a district court's denial of compassionate release "must make clear that it considered the movant's *nonfrivolous* arguments" (emphasis added)).

## I.   LEGAL STANDARD

"'[A] judgment of conviction that includes [a sentence of imprisonment] constitutes a final judgment' and may not be modified by a district court except in limited circumstances." *Dillon v. United States*, 560 U.S. 817, 824–25 (2010) (quoting 18 U.S.C. § 3582(b)). The First Step Act of 2018 sets forth the limited circumstances relevant here. Under the statute, a criminal defendant may move for a sentence reduction, also known as "compassionate release," after exhausting all administrative remedies. 18 U.S.C. § 3582(c)(1)(A); *see United States v. Raia*, 954 F.3d 594, 595 (3d Cir. 2020) ("The First Step Act empowers criminal defendants to request compassionate release . . . . But before they make such requests, defendants must at least ask the Bureau of Prisons (BOP) to do so on their behalf and give BOP thirty days to respond."). If the defendant has met the exhaustion requirement, the Court may reduce his sentence if it finds that "extraordinary and compelling reasons warrant such a reduction" and the reduction is consistent with both "applicable policy statements issued by the Sentencing Commission" and the applicable sentencing factors set forth in 18 U.S.C. § 3553(a). 18 U.S.C. § 3582(c)(1)(A). "The defendant bears the burden of showing that he is entitled to compassionate release." *United States v. Hernandez*, No. 06-736, 2025 WL 2437866, at *2 (D.N.J. Aug. 25, 2025). "[D]istrict courts may deny compassionate-release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking." *United States v. Folk*, No. 25-2273, 2025 WL 3034701, at *2 (3d Cir. Oct. 30, 2025) (per curiam) (quoting *United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021)).

## II.   DISCUSSION

On August 7, 2025, DeSciscio, through counsel, petitioned this Court again to "reduc[e] his sentence to time-served or, alternatively, modify[] his sentence to a term of home confinement or supervised release for a reasonable period." (Motion at 1.) In 2020, DeSciscio had filed his first

2

motion for compassionate release, then brought another two compassionate release motions in 2021. (ECF Nos. 5, 25, 31.) *Pro se*, DeSciscio filed a fourth and fifth motion for compassionate release in 2022 and 2023. (ECF Nos. 47, 56.) Each was denied by the Honorable Peter G. Sheridan, U.S.D.J. (ret.).[2] (ECF Nos. 14, 30, 46, 50, 62.) The Court's denial of DeSciscio's fourth motion for compassionate release was affirmed by the Third Circuit. *United States v. DeSciscio*, No. 22-2357, 2023 WL 2366598, at *1–2 (3d Cir. Mar. 6, 2023) (per curiam).

In his latest Motion, Defendant cites his age (82 years old), the time he has already served (half of his 75-year sentence), and most of the same medical conditions that he raised in his previous applications. (*See* Motion at 4, 9–12.) As before, he fails to show these circumstances warrant a sentence reduction. Also as before, DeSciscio fails to address any of the extraordinary and compelling circumstances set forth in U.S.S.G. § 1B1.13, fails to otherwise establish extraordinary and compelling reasons warranting his release, and fails to show that release would be consistent with the relevant 18 U.S.C. § 3553(a) sentencing factors. *See* 18 U.S.C. § 3582(c)(1)(A). It also appears, as a threshold matter, that he has not exhausted his administrative remedies, thus failing as to each requirement under § 3582(c)(1)(A).

A.    EXHAUSTION OF ADMINISTRATIVE REMEDIES

As required under the First Step Act, DeSciscio submitted a request for compassionate release to the warden of his facility before he filed his Motion for compassionate release. (Motion at 6; Opp. at 5, 9, 27–28.) Therein, DeSciscio sought compassionate release under Section 4(b) of BOP Program Statement 5050.50. In his instant Motion, he seeks compassionate release under not only Section 4(b) but also Section 4(a). The Sections are substantively distinct, and DeSciscio does not contend otherwise. (*See* Reply at 1–2.) Instead, he argues there is no "issue exhaustion"

---

[2] This case was reassigned to the undersigned on August 27, 2024. (ECF No. 65.)

3

requirement under the First Step Act, such that he satisfied exhaustion by simply requesting compassionate release from the warden. (*Id.*; *see also* Motion at 7.)

The Court need not resolve the question because DeSciscio's Motion fails for myriad reasons, even assuming exhaustion is met here. That said, many courts within the Third Circuit, including in this District, have concluded that "issue exhaustion" applies to 18 U.S.C. § 3582(c)(1)(A). *See United States v. McNair*, 481 F. Supp. 3d 362, 366–68 (D.N.J. 2020) (concluding that defendants must present each asserted basis for compassionate release to the warden, i.e., must satisfy "issue exhaustion," in order to meet the First Step Act's exhaustion requirement and reasoning that "Congress intended the BOP to be able to consider requests for compassionate release in the first instance" and "[t]he explicit statutory exhaustion mandate set forth by § 3582(c)(1)(A)" is "strictly applied and is not susceptible to any judicially created exceptions"); *United States v. Jeffries*, No. 14-106, 2021 WL 2000555, at *5 (W.D. Pa. May 19, 2021) (collecting cases); *see also United States v. Castro*, No. 11-492, 2024 WL 1767602, at *4 n.3 (D.N.J. Apr. 24, 2024); *United States v. Burd*, No. 21-86, 2023 WL 3271167, at *3 (D.N.J. May 5, 2023). *But see United States v. Herrera-Genao*, No. 07-454, 2021 WL 2451820, at *4 (D.N.J. June 16, 2021) (agreeing with out-of-circuit cases, which *McNair* had rejected, but not providing much analysis or distinction), *vacated and remanded on other grounds*, No. 21-2345, 2023 WL 2755577 (3d Cir. Apr. 3, 2023); *Battle v. United States*, No. 07-900, 2022 WL 683027, at *3 (D.N.J. Mar. 7, 2022) (citing *McNair* and *Herrera-Genao* for the proposition that courts in this District are "split" as to whether issue exhaustion applies under § 3582(c)(1)(A)).

**B.      EXTRAORDINARY AND COMPELLING REASONS FOR REDUCTION OF SENTENCE**

Even if the Court considers all issues raised in his Motion, without regard to exhaustion, DeSciscio still fails to carry his burden under § 3582(c)(1)(A). *See, e.g., Burd*, 2023 WL 3271167,

at \*2–3. "Under the [First Step Act], a defendant seeking a sentence reduction bears the burden of showing both his eligibility and qualification for a reduction." *United States v. Mosby*, No. 20-510, 2026 WL 575703, at \*3 (D.N.J. Mar. 2, 2026). That is, if the Court finds the exhaustion requirement satisfied, it proceeds to ask whether the defendant is *eligible* for a sentence reduction and, if so, whether he *qualifies* for a reduction. *See United States v. Rutherford*, 120 F.4th 360, 364 (3d Cir. 2024).

To clear the threshold eligibility hurdle, the defendant must establish "extraordinary and compelling reasons" under § 3582(c)(1)(A)(i) (for example, by showing he has a terminal illness). *See id.*; U.S.S.G. § 1B1.13(b)(1)(A). The Court then assesses whether the applicable sentencing factors warrant a sentence reduction. *See* 18 U.S.C. § 3582(c)(1)(A) (citing 18 U.S.C. § 3553(a)); *Rutherford*, 120 F.4th at 365. "Compassionate release is discretionary, not mandatory; therefore, even if a defendant is *eligible* for it, a district court may deny compassionate release upon determining that a sentence reduction would be inconsistent with the § 3553(a) factors." *United States v. Alexander*, No. 23-1011, 2023 WL 4198042, at \*1 (3d Cir. June 27, 2023) (per curiam) (emphasis added). DeSciscio fails to carry his burden of establishing extraordinary and compelling reasons for a sentence reduction. He is thus not eligible for compassionate release.

It is true that DeSciscio is 82 years old and has many medical conditions. (*See* Motion at 11–12.) However, it is well established that "age alone" cannot warrant compassionate release. *United States v. Tartaglione*, No. 15-491, 2020 WL 3969778, at \*7 (E.D. Pa. July 14, 2020). Likewise, "affliction with various medical conditions alone is insufficient to justify compassionate release. Instead, the threshold question is whether defendant has demonstrated 'extraordinary and compelling' reasons for compassionate release." *United States v. Viteri*, No. 19-00044, 2020 WL 3396804, at \*4 (D.N.J. June 19, 2020).

5

DeSciscio does not address any of the extraordinary and compelling reasons for compassionate release that are described in the relevant Sentencing Commission policy statement, U.S.S.G. § 1B1.13. He instead argues he is entitled to compassionate release because he satisfies the criteria set forth in two Sections of BOP Program Statement 5050.50, the agency guidelines for what the BOP considers when evaluating compassionate release requests from inmates. (Motion at 8–13); Fed. Bureau of Prisons, Program Statement 5050.50, Compassionate Release/Reduction in Sentence: Procedures for Implementation of 18 U.S.C. §§ 3582 and 4205(g) (2019), https://www.bop.gov/policy/progstat/5050_050_EN.pdf; *see United States v. Ramirez-Ortega*, No. 11-251-07, 2020 WL 4805356, at *2 (E.D. Pa. Aug. 18, 2020) ("Program Statement 5050.50 provides internal guidance to the BOP and governs only BOP's internal assessment of a request for compassionate release." (internal quotation marks omitted)). These internal BOP guidelines do not offer a basis for compassionate release. *See id.*; *United States v. Rodriguez*, 451 F. Supp. 3d 392, 400 n.12 (E.D. Pa. 2020) ("Congress never delegated any authority to the BOP to define the term 'extraordinary and compelling,' nor did it ever instruct courts to act consistently with the BOP's internal guidance.").[3] As this Court already explained in denying DeSciscio's *first* compassionate release motion, "[t]he BOP Program Statement is not a statutory vehicle for seeking compassionate release in federal court," and "Defendant must properly show that compassionate release is warranted under the appropriate statute . . . by demonstrating extraordinary and compelling reasons under § 3852(c)(1)(A)(i)." (ECF No. 14 at 6.)

---

[3] Congress authorized district courts to reduce a term of imprisonment if "extraordinary and compelling reasons" exist, but it did not define that term in the statute. 18 U.S.C. § 3582(c)(1)(A)(i). Instead, Congress directed the United States Sentencing Commission to fill in the blanks via policy statement. *See* 28 U.S.C. § 994(t) (providing that the Sentencing Commission, "in promulgating general policy statements regarding the sentencing modification provisions in section 3582(c)(1)(A) of title 18, shall describe what should be considered extraordinary and compelling reasons for sentence reduction"). The Sentencing Commission obliged. *See* U.S.S.G. § 1B1.13(b). Congress delegated no such authority to the Bureau of Prisons. *See Rodriguez*, 451 F. Supp. 3d at 400 n.12.

Despite this clear explanation and directive from the Court, DeSciscio, through counsel, again relies entirely on the BOP's inapplicable agency guidance, without any citation or reference to the legally relevant standard. This may well be reason enough to find that DeSciscio has failed to show that a reduction is "consistent with applicable policy statements issued by the Sentencing Commission" as required under § 3582(c)(1)(A) and has forfeited any such arguments. *Cf. United States v. Fanelli*, No. 16-110, 2025 WL 2267636, at *4 (D.N.J. Aug. 8, 2025) ("A defendant shoulders the burden to show compelling and extraordinary reasons exist to justify compassionate release." (internal quotation marks omitted)); *United States v. Bowman*, No. 21-81, 2023 WL 5279653, at *2 (S.D. W. Va. Aug. 16, 2023) (agreeing that defendant's "purported justifications are not cognizable by the relevant statutory and Guideline authority and otherwise fall short of extraordinary and compelling"); *United States v. Holley*, No. 18-20224, 2025 WL 3090761, at *2 (E.D. Mich. Nov. 5, 2025).

Nonetheless, the Court recognizes that the Sentencing Commission's policy statement is not an exhaustive list of extraordinary and compelling reasons, and indeed "other reasons" that are "similar in gravity" may constitute extraordinary and compelling grounds for compassionate release. *See* U.S.S.G. § 1B1.13(b)(5); *see also United States v. Carter*, 711 F. Supp. 3d 428, 439 (E.D. Pa. 2024) (noting the "demanding" nature of the catch-all provision in U.S.S.G. § 1B1.13(b)(5)), *aff'd*, No. 24-1115, 2024 WL 5339852 (3d Cir. Dec. 2, 2024) (mem.). The Court thus considers DeSciscio's arguments under the most closely related sections of the Sentencing Commission policy statement and under the catch-all provision just mentioned—but finds they still do not justify compassionate release. *See United States v. Porterfield*, No. 19-0177-01, 2025 WL 2396511, at *4 (W.D. La. Aug. 15, 2025) ("[Defendant] does not make an explicit § 3582 analysis. More specifically, he does not direct the Court to any of the specific Guidelines

7

provisions outlining the requirements for compassionate release. The Court has done its best to analyze [defendant's] arguments under the relevant Guidelines provision . . . [because] *pro se* pleadings are to be liberally construed."); *United States v. Elvir*, No. 19-208, 2024 WL 4829715, at *3 (E.D. Tenn. Nov. 19, 2024) (similarly noting *pro se* defendant's failure to invoke "any of the enumerated grounds for compassionate release listed in the Sentencing Commission's policy statement," considering defendant's arguments under U.S.S.G. § 1B1.13(b)(5)'s catch-all provision, and concluding that defendant failed to establish extraordinary and compelling circumstances).

With respect to a defendant's medical circumstances, extraordinary and compelling reasons exist where the defendant is either (1) "suffering from a serious physical or medical condition" that "substantially limits" his ability to "self-care" or (2) "suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death." U.S.S.G. § 1B1.13(b)(1)(B)–(C). With respect to a defendant's advanced age, extraordinary and compelling reasons exist where the defendant is over 65 years old and is experiencing "serious" physical deterioration *because of* the aging process." *Id.* § 1B1.13(b)(2) (emphasis added).

DeSciscio fails to show that any of these circumstances are present. His Motion largely refashions and restates prior arguments about overall age and poor health that he already asserted in previous motions for compassionate release, including as recently as 2022. (*Compare* ECF No. 31-1 at 28, 31–32, *with* Motion at 11–12. *See also* ECF No. 14 at 8–9 (denying DeSciscio's first motion for compassionate release and describing his medical conditions as of 2020); ECF No. 46 at 2–3 (denying DeSciscio's third motion for compassionate release, filed in 2021, which "set[] forth the same arguments concerning DeSciscio's health . . . that DeSciscio brought in his first

8

petition"); ECF No. 50 at 1–2 (same with respect to DeSciscio's fourth motion, filed in 2022).) DeSciscio identifies no meaningful or material changes to his health or conditions that warrant a different conclusion now than the Court's conclusion just years ago. *See DeSciscio*, 2023 WL 2366598, at *2 ("[A]bsent any indication that changed circumstances required the District Court to reevaluate its determination of existence of 'extraordinary and compelling circumstances,' we discern no abuse of discretion in the District Court's conclusion that DeSciscio's fourth motion yet again failed to meet the 'extraordinary and compelling reasons' requirement."). While he appears to have some new conditions, such as shortness of breath, high cholesterol, GERD, and diabetes, DeSciscio fails to show that these new conditions, his existing conditions, or any combination thereof substantially limit his ability to self-care or require long-term or specialized medical care that he is not being provided. (*See* Motion at 12.) He likewise fails to show he is experiencing "serious" physical deterioration "because of" the aging process.

DeSciscio asserts, for example, that "[b]eing incarcerated, he is unable to manage his health in the appropriate manner because he lacks on-demand access." (*Id.*) This vague, conclusory, and unsupported assertion fails to establish a substantially limited ability to self-care, and says nothing of specific long-term or specialized treatment needs that are going unmet. Incarceration may well present challenges for individuals with chronic conditions, but more is needed to warrant the extraordinary relief of early release. *See, e.g., United States v. Williams*, No. 08-310, 2021 WL 3271270, at *3 (E.D. Pa. July 30, 2021). DeSciscio has not carried the requisite burden. He fails to develop any meaningful, relevant argumentation addressed to any of the U.S.S.G. § 1B1.13 provisions, and he points to no record support that would allow the Court to otherwise find extraordinary and compelling circumstances warranting compassionate release. To the contrary, the 13 pages of medical records attached to DeSciscio's Motion support that his various medical

conditions are well managed and well controlled by the BOP, including with prescription medications and treatment by specialists. (*See* ECF No. 91-8.) "[C]hronic conditions that can be managed in prison are not a sufficient basis for compassionate release." *Williams*, 2021 WL 3271270, at *3; *see Fanelli*, 2025 WL 2267636, at *6 (finding that defendant "ha[d] 'not met the exceedingly high bar of showing extraordinary and compelling reasons for release' based on his medical conditions" where "medical records reveal that while [defendant] has serious medical conditions, the BOP is treating those conditions").

In similarly conclusory fashion, DeSciscio further argues that, in addition to his medical conditions and age, his "extraordinary rehabilitative efforts also counsel[] for a compassionate release." (Motion at 9.) The Sentencing Commission policy statement is clear, however, that rehabilitation "is not, by itself, an extraordinary and compelling reason." U.S.S.G. § 1B1.13(d). "This is especially true when, as here, a court finds no independent extraordinary and compelling reasons" and "when the relevant section 3553(a) factors counsel against [compassionate release]." *United States v. Boglin*, No. 01-274, 2021 WL 811853, at *5 (E.D. Pa. Mar. 2, 2021); *see United States v. Shapiro*, No. 10-471, 2024 WL 4249467, at *6 (D.N.J. Sept. 20, 2024).

Rehabilitation together with other circumstances may establish extraordinary and compelling reasons for compassionate release. U.S.S.G. § 1B1.13(d). However, DeSciscio offers next to no detail about the nature of his supposed rehabilitation, and combining this unclear alleged rehabilitation with his other insufficient arguments about age and health cannot together amount to extraordinary and compelling circumstances. *See, e.g., United States v. Edmond*, 730 F. Supp. 3d 146, 164 (M.D. Pa. 2024); *United States v. Taylor*, No. 06-699-3, 2024 WL 3594315, at *7 (D.N.J. July 31, 2024). In passing and with zero support, DeSciscio references a "pattern of . . . good acts while imprisoned" and "meritorious prison record." (Motion at 9.) Even if

10

accurate, neither warrants a sentence reduction. Good conduct and rehabilitation in prison are "expected" of all individuals serving time for the commission of a crime. *United States v. Bledsoe*, No. 22-2022, 2022 WL 3536493, at \*2 (3d Cir. Aug. 18, 2022). Neither is extraordinary and compelling, and neither justifies release.

### C.    SENTENCING FACTORS UNDER SECTION 3553(A)

The Court turns finally to the applicable sentencing factors set forth in 18 U.S.C. § 3553(a). Even if DeSciscio satisfied the procedural requirements for compassionate release and showed extraordinary and compelling reasons warranting relief (which he has not), the Court would still be compelled to find a sentence reduction inconsistent with the § 3553(a) factors. *See Dillon*, 560 U.S. at 827 (explaining district courts' discretion to deny compassionate release if, "under the particular circumstances of the case," the applicable § 3553(a) factors outweigh what may otherwise be extraordinary and compelling circumstances); *Alexander*, 2023 WL 4198042, at \*1. The sentencing factors especially relevant here are "the nature and circumstances of the offense and the history and characteristics of the defendant" and "the need for the sentence imposed," which includes, *inter alia*, a sentence that "reflect[s] the seriousness of the offense," "promote[s] respect for the law," "provide[s] just punishment for the offense," "afford[s] adequate deterrence to criminal conduct," and "protect[s] the public from further crimes of the defendant." 18 U.S.C. § 3553(a)(1)–(2).

Reducing DeSciscio's sentence by 38 years—and thus cutting his 75-year sentence in half—would flout the applicable sentencing factors. DeSciscio was convicted of violent and egregious crimes, which he committed while a member of a notorious organized crime organization. Judge Sheridan summarized these offenses in his 2020 order denying DeSciscio's first motion for compassionate release. (ECF No. 14.)

11

In brief, DeSciscio was an "enforcer" for the Genovese Crime Family, within a faction of the criminal organization controlled by his co-defendant Louis Anthony "Bobby" Manna. (*Id.* at 2.) In 1987, when DeSciscio was 45 years old, he entered into a conspiracy to murder Irwin Schiff, "a hidden principal in a network of companies and corporate shells that were engaged in a multi-million-dollar fraud and money laundering scheme operated for the benefit of the Genovese Family." (*Id.*) Schiff was murdered in a Manhattan restaurant—he was shot twice in the head with DeSciscio present. (*Id.*)

That was not DeSciscio's only conspiracy to murder, and it was far from his only crime of violence. DeSciscio also engaged in a conspiracy to murder John Gotti (the alleged leader of the Gambino Crime Family) and John's brother Gene Gotti. (*Id.*) In his role as enforcer, DeSciscio "resolv[ed] problems for . . . a higher ranked member of the Genovese Family," "carried out threats of force," and "committed acts of violence." (*Id.*) He also supervised the Genovese Crime Family's widespread gambling operation in New Jersey and, in that role, participated in extortion and supervised extensive racketeering activity involving five or more persons. (*Id.*)

In June of 1989, a jury convicted DeSciscio of all counts of a 26-count indictment, including for participating in Schiff's murder; conspiring, in violation of the Racketeer Influenced and Corrupt Organizations Act, to murder Schiff and the Gottis; conducting an illegal gambling business; and loansharking. (*Id.* at 1.) He was sentenced to 75 years of imprisonment. (*Id.*) The Third Circuit affirmed DeSciscio's conviction in 1990. (*Id.* at 2.)

DeSciscio contends that the important purposes of sentencing, reflected in the § 3553(a) sentencing factors, have been accomplished by virtue of the time he has already served. (Motion at 18–19.) The Court cannot agree. DeSciscio's substantial 75-year term of imprisonment reflects the egregiousness of the crimes for which he was sentenced—his long-term participation in

organized crime, including a number of murder conspiracies, one murder, and unimaginable acts of violence in his role as "enforcer" for a notorious crime family. As Judge Sheridan put it in his 2022 order denying DeSciscio's third motion for compassionate release, "DeSciscio carried on a career of crime on [an] everyday basis — including conspiracies to commit murder. He lived and thrived on crime. As such, his criminal activity show[s] his evil and heinous nature and disregard for law and safety." (ECF No. 46 at 3–4.) DeSciscio's lengthy, conscience-shocking history of criminal conduct as an enforcer for the mafia plainly warrants a lengthy sentence, and serving the full sentence imposed is necessary to reflect the seriousness of DeSciscio's offenses, provide just punishment, promote respect for the law, adequately deter such offenses, and protect the public from further crimes. *See, e.g., United States v. Epstein*, No. 14-287, 2020 WL 2537648, at *3 (D.N.J. May 19, 2020); *Boglin*, 2021 WL 811853, at *4; *see also United States v. Pappa*, No. 97-1005, 2025 WL 1548762, at *9 (E.D.N.Y. May 30, 2025) ("[M]urder is an established currency of the organized crime world, which means that only the most severe response to these acts of violence—a life sentence—will deter other potential organized crime participants.").

DeSciscio argues that his advanced age makes his risk of recidivism very low. (Motion at 14–15.) The Court notes, however, that DeSciscio was not a 20-something-year-old offender at the time of his underlying crimes, but was already 45 years old, apparently intending to pursue a life-long career committing acts of violence. *See, e.g., United States v. Montevecchi*, No. 18-15, 2020 WL 3051335, at *2 (S.D.N.Y. June 8, 2020) (denying compassionate release to defendant who "committed a serious crime while an active participant in an organized crime family" and noting, *inter alia*, that defendant's "prior convictions occurred while [he] was in his fifties, putting to bed any notion that age has impeded his criminal tendencies"). The Court similarly cannot accept DeSciscio's argument that, because of his limited mobility, "he is even not physically

13

capable" of engaging in "any criminal conduct," "even if he wanted to." (Motion at 15.) Given the nature of organized crime, DeSciscio's role in the Genovese Crime Family, and the nature of the offenses he committed, there remains a real risk of further crimes and danger to the public if he were released. *See, e.g., Pappa*, 2025 WL 1548762, at *9 ("[W]hile the Court recognizes that some studies suggest that the length of a sentence after a certain point does not add any further general deterrence, the Court believes that the organized crime world presents a unique cohort because of the calculated, strategic, and sanctioned nature of most mob killings." (citation omitted)); *United States v. Cuebas*, No. 06-613, 2025 WL 1892412, at *5 (D.N.J. July 9, 2025) ("Considering [defendant's] repeated, armed, and violent conduct, the Court cannot find that [defendant] will not be a danger to the community if he is released.").

Nor would a low risk of future crimes outweigh the other sentencing factors, which fail to support DeSciscio's release. *See Boglin*, 2021 WL 811853, at *5 (citing this Court's denial of DeSciscio's first motion for compassionate release as support for the conclusion that "serving the full sentence imposed on [defendant] is necessary" under § 3553(a)(2)(A)–(C)); *United States v. Velentzas*, No. 91-384, 2024 WL 1623320, at *4 (E.D.N.Y. Apr. 15, 2024) ("While Defendant's mental and physical conditions mitigate any potential threat on society, . . . Defendant led a criminal gambling organization and worked with members of organized crime to execute a murder . . . . Therefore, the § 3553(a) factors do not warrant a compassionate release."). Simply put, the unconscionable nature of DeSciscio's extensive crimes, justifying the need for the 75-year sentence imposed, cannot be overstated. *See United States v. Lin*, No. 09-746, 2021 WL 2930987, at *2 (S.D.N.Y. July 12, 2021) (concluding, in light of defendant's "integral part in [an organized crime network's] illegal gambling and narcotics trafficking schemes" and "extremely violent [role], involving multiple premeditated, calculated attempts on the lives of the [organization's]

14

perceived enemies," that "granting [defendant] a sentence reduction would fail to 'reflect the seriousness of the offense,' provide 'just punishment,' or 'afford adequate deterrence'"). Any sentence reduction—let alone a sentence reduction of 38 years, or half—would contravene the relevant sentencing factors.

Accordingly, the Court finds that DeSciscio has, for the sixth time, failed to justify his early release. He has not carried his burden of showing extraordinary and compelling circumstances justifying release, whether based on his age, medical conditions, and/or purported rehabilitation efforts. Even if extraordinary and compelling circumstances did exist, they would be overcome by the applicable sentencing factors—particularly the nature and circumstances of DeSciscio's offenses, his history and characteristics, and the need for the full 75-year sentence imposed. These factors militate strongly against a sentence reduction, and DeSciscio has not carried his burden of showing otherwise. The Court, in its discretion, thus denies DeSciscio's request for compassionate release.

15

## CONCLUSION

For the reasons set forth above, the Court **DENIES** Defendant Richard DeSciscio's Sixth Motion for Compassionate Release (ECF No. 91). An appropriate Order accompanies this Memorandum Opinion.

**ROBERT KIRSCH**
**UNITED STATES DISTRICT JUDGE**

Dated: May 4, 2026

16